IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF YELLOWSTONE, ET AL.,<br><br>Defendants. | CV 23-109-BLG-DWM<br><br><br><br>ORDER |

Plaintiff James Morrison has renewed his motion to stay proceedings. (Doc. 70.) He has also moved to strike the two motions for judgment on the pleadings filed by Defendants. (Docs. 71 and 72.) Defendants have responded. (Docs. 73, 74, and 75.) The motion to stay is granted, as described below. The motions to strike are denied.

I.   **MOTION TO STAY**

Morrison has renewed his motion to stay based on his difficulty litigating this matter while he is in Montana State Prison's classification unit, and his loss of all of his legal papers upon transfer. (Doc. 70.) Defendants do not object to a determinate stay. (Doc. 73.) Morrison has sufficiently asserted that he faces

challenges to fully presenting his case. Thus, the motion will be granted, and the matter will be stayed for a short period.

## II. MOTIONS TO STRIKE

Morrison has filed two motions to strike pursuant to Fed. R. Civ. P. 12(f)(2), related to Defendants Yellowstone County's and John Ostlund's motions for judgment on the pleadings. (Docs. 71 and 72.) Morrison asserts in both motions that Defendants' motions are attempting to present an "insufficient defense designed to harass Plaintiff." *Id.*

Defendants object on the grounds that the motion is not a "pleading," as contemplated by Rule 12. (Docs. 74 and 75 at 2.) Defendants are correct. A pleading, as contemplated by the rule, is "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7 (making clear that motions and pleadings are distinct). Defendants' motions for judgment on the pleadings are specifically authorized by Fed. R. Civ. P. 12(c). Any argument Morrison has about the contents of the motion must come in a brief in response, not as an inappropriate motion to strike.

Accordingly, IT IS ORDERED that:

1. Morrison's motion for a stay is GRANTED. (Doc. 70.) The matter will be stayed for three months, which should be sufficient for Morrison to transfer to a more permanent housing situation and prepare his case.

2. Morrison's motions to strike are DENIED. (Docs. 71 and 72.) On or before **June 20, 2025**, Morrison must file his response briefs.

3. At all times, Morrison must promptly advise the Court of any change of address. Failure to do so may result in dismissal.

DATED this 19 day of March, 2025.

_____
Donald W. Molloy, District Judge
United States District Court

3