IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF YELLOWSTONE, ET AL.,<br><br>Defendants. | CV-23-109-BLG-DWM<br><br><br>ORDER |

Defendant County of Yellowstone and Defendant John Ostlund filed motions for judgment on the pleadings. (Docs. 61 and 63.) After many months of delays, the motions are now fully briefed. The motions will be granted.

## I. FACTUAL BACKGROUND

Plaintiff James Morrison is suing Yellowstone County, County Commissioner John Ostlund, Turnkey Health Clinics, LLC, two Turnkey nurses, Ulani Stevens and Kim Meeri, and Doe Defendants, all related to health care he received, or did not receive, at Yellowstone County Detention Facility. (Doc. 44.) Morrison was detained at Yellowstone County for over a year, and during that time he sought treatment for a pre-existing hernia. The dispute in this lawsuit is whether the treatment he received was constitutionally adequate.

## II. JUDGMENT ON THE PLEADINGS

1

A. Motions

Defendants Yellowstone County and John Ostlund have both moved for judgment on the pleadings, contending that, even if all allegations of the Amended Complaint are taken as true, it fails to state a claim against either of them. (Docs. 61 and 63.) Defendants and Morrison have included factual sections in their briefs which have been disregarded for this analysis. Fed. R. Civ. P. 12(d).) Defendants have also attached several policy documents to their briefs that are not necessary for the evaluation of the motions. The facts that are relevant are those in the Amended Complaint.

The County argues that, though Morrison's Amended Complaint alleges that the County has a policy or practice of providing inadequate medical care, that assertion is conclusory and does not have any factual support. (Docs. 61 at 2; 62 at 12 – 13.) Similarly, Defendant Ostlund contends that the Amended Complaint does not contain any factual allegations of his participation in his individual capacity, and thus, fails to state a claim against him. To the extent anything is alleged against him in his official capacity, that claim is redundant to Morrison's claim against Yellowstone County. (Doc. 63 at 2.) Both motions are supported by briefs. (Docs. 62 and 63.)

Morrison's response brief reads more as an argument regarding the minutiae of his factual claims than a response to a motion for judgment on the pleadings. In

2

it, he explains, with great detail, why and how his needs for medical care were not met, and how the various defendants were liable. If anything, his brief elaborates his claims against the other defendants in this matter and does not bolster his claims against Defendants Yellowstone County and Ostlund.

John Ostlund filed a reply brief. (Doc. 93.) The County did not. Ostlund's reply raises the issue of his status as a party. On June 27, 2025, Counsel for John Ostlund notified the Court and parties that Ostlund had died on June 19, 2025. (Doc. 83.) "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Fed. R. Civ. P. 25 governs substitution upon death of a party. The rule allows an opposing party to move to substitute a decedent within 90 days of the notice of death. However, two requirements are necessary for the ninety-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties <u>and</u> non-party successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The Notice of Death of John Ostlund filed in this matter does not appear to have been served on his non-party successors. (Doc. 83 at 3.)

B. Standard

3

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, assuming the truth of the allegations in the non-moving party's pleadings, the moving party is entitled to judgment as a matter of law." *Rubin v. United States*, 904 F.3d 1081, 1083 (9th Cir. 2018). As with a motion under Rule 12(b)(6), a successful Rule 12(c) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

  C. Analysis

To avoid judgment on the pleadings, a complaint must articulate the elements of a claim and the facts to support the elements of the claim. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

1. Yellowstone County

Yellowstone County is only liable under § 1983 "'if its policies, whether set by the government's lawmakers or by those whose edicts or acts . . . may fairly be said to represent official policy, caused the particular constitutional violation at issue.'" *King v. County of Los Angeles*, 885 F.3d 548, 558 (9th Cir. 2018) (quoting *Streit v. County of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001)). To establish Yellowstone County's liability under § 1983, any violation of Morrison's

4

constitutional rights must be caused by the County's 'policy, practice, or custom' or be ordered by a policy-making official. *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc).

> Morrison's Amended Complaint alleges that:
>
> Defendant, County of Yellowstone, maintained a policy and widespread practice for the denial of surgical repair for plaintiff's left inguinal incarcerated hernia and his left hydrocelectomy to testicle… Defendant knew…that [Plaintiff] missed a needed surgery….
>
> Defendant, County of Yellowstone, maintained a policy and widespread practice of the denial of medication prescribed by medical health care providers needed for severe, and often debilitating pain for plaintiff's left incarcerated inguinal hernia and left testicle hydrocele caused by the untreated inguinal hernia, defendant, knew, that, nurse practitioner, Ashly Anglin had initiated detox protocols on April 13, 2023, knew, that plaintiff was in severe pain and denied needed medical attention…

(Doc. 44 at 7.) These allegations fail to state a claim against Defendant Yellowstone County. First, the allegations of "a policy and widespread practice" is conclusory, as though the phrase itself was talismanic. Morrison has not identified either a real policy, or alleged facts to show any de facto policy. But more than that, these allegations are not plausible. The first example is more obvious—it is implausible that the County had a policy to deny Morrison's surgery, or that the County had any idea of his medical condition upon entry to Yellowstone County Detention. Likewise, it is not plausible that the County had a policy to deny Morrison medication. Morrison may intend to allege that the County always denies

5

everyone medication, or surgery, but that is not what he has alleged, nor does he assert any facts that support his allegation of a policy or practice. Yellowstone County does not plausibly make healthcare decisions for its detainees, given that it contracts medical care providers to make those decisions. Morrison has failed to state a claim against Yellowstone County.

2. John Ostlund

John Ostlund was a County Commissioner for Yellowstone County. As to him, Morrison alleges: "Defendant, John Ostlund, failed to properly supervise, control TurnKey Health Clinics, LLC, failed to properly establish medical guidelines for reducible, incarcerated and strangulated abdominal-inguinal hernias." (Doc. 44 at 7.) These allegations fail to state a claim for relief against John Ostlund. Morrison does not allege that Ostlund had any personal involvement at all in medical decisions about Morrison during his detention. Section 1983 liability only attaches upon the personal involvement in the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). Morrison does not allege that Ostlund personally made decisions that affected Morrison's health care. Accordingly, Morrison must be alleging that Ostlund is liable as a supervisor, because he "failed to properly supervise, control" other defendants. But to impose liability under Section 1983 against a supervisor, Morrison must establish the supervisor's <u>prior</u> knowledge of unconstitutional

conduct committed by subordinates that would give the supervisor notice of the need for changes. *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011.) Morrison has alleged no facts to show that Ostlund was even aware of Morrison or his incarceration, let alone knew he would be or was improperly medicated or treated.

Further, as Ostlund's brief states, the actual medical provider, Turnkey, was a contractor with the County. As such, Ostlund had no authority to control Morrison's treatment by Turnkey or its employees. *Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 51. Ostlund has alleged no facts plausibly that show that Ostlund had or could have had any control over the healthcare Morrison received in Yellowstone County Detention Facility. Morrison fails to state a claim against Ostlund.

### III. CONCLUSION

Taking the facts alleged in Morrison's Amended Complaint as true, for the purposes of Defendants' motions, Morrison has failed to state a claim against either Yellowstone County or John Ostlund.

Accordingly, it is HEREBY ORDERED:

1.     Morrison's motion for leave to file out of time responses is GRANTED. (Doc. 92.)

2.     Defendants' motions for judgment on the pleadings are GRANTED. (Docs. 61 and 63.) Accordingly, Defendants Yellowstone County and John Ostlund are DISMISSED.

3. Because of the lengthy delay during the briefing of these motions, the original Scheduling Order is obsolete. (Doc. 30.) By November 21, 2025, each party shall file a proposed schedule to govern the remaining claims in Morrison's Amended Complaint.

4. At all times, Morrison must immediately advise the Court and opposing counsel of any change of address. Failure to do so may result in dismissal.

DATED this 4th day of November, 2025.

_____
Donald W. Molloy, District Judge
United States District Court